## FORT WORTH & DENVER CITY RY. CO. v. CHILDRESS COTTON OIL CO.

### No. 10545.

Circuit Court of Appeals, Fifth Circuit.

March 21, 1944.

Charles J. Kelly, of Denver, Colo., and Fred L. Wallace, of Fort Worth, Tex., for appellant.

Frank A. Leffingwell and Ralph W. Currie, both of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

Brought by the Fort Worth & Denver City Railway Company, the suit was for undercharges on a shipment of cotton linters transported in a car fifty feet long from Childress, Texas, on September 29, 1939, to Naperville, Illinois. The applicable tariff governing the respective rights of the parties is Section 3(a) of Rule 34 of the Consolidated Freight Classification No. 13, which reads as follows: "If carrier has been unable or finds that it will be unable within six days after receipt of order * * * to furnish closed car of the length ordered and furnishes longer car, minimum weight shall be that fixed for car ordered except that when loading capacity of car is used, minimum weight shall be that fixed for car furnished."

This appeal presents a single question, whether the words "loading capacity", appearing in that rule, are to be read as satisfied by a use of the loading capacity of the car which, though it does not take up the full loading capacity of the larger car furnished, does exceed the loading capacity of the car ordered.

The district judge, in an opinion[1] fully canvassing and carefully giving his reasons for and against the respective contentions, took the shipper's contention,

that is, that the minimum weight of the car furnished did not apply because the loading capacity of that car in excess of the loading capacity of the car ordered had been only partially used. Because this is so, and because the same question has been canvassed and dealt with in the Tenth Circuit in Atchison, T. & S. F. Ry. v. Guthrie Cotton Oil Co., 139 F.2d 10, the majority opinion in which declined to follow, and the minority opinion in which followed, Judge Wilson's decision, we will not write on the case. We will content ourselves with saying that, agreeing with the minority and disagreeing with the majority opinion in that case, and fully in accord with Judge Wilson's able opinion in this case, we affirm the judgment for the reasons he gave in rendering it.

HOLMES, Circuit Judge (dissenting).

The division of opinion already existing as to the true meaning of the words "loading capacity" in Rule 34 indicates that the language itself is reasonably susceptible of more than one construction. I think the proper interpretation is that contended for by appellant, because such interpretation is reasonably consistent both with the language of the rule and with the purposes therein attempted to be subserved.

By its terms, Sec. 3(a) of the rule applies only when a shipper has ordered a car of a certain length and, because such car was unavailable, has been furnished one that is longer. The reason for the rule is obvious. It would be unfair to the shipper if his freight charges were increased as a result of the carrier's lack of an adequate present supply of standard equipment, for this would penalize the shipper to the benefit of the carrier for a situation occasioned by circumstances wholly within the control of the carrier. It would be no less unfair to permit the shipper to secure an advantage in freight rates by allowing him to load the car furnished beyond the capacity of the car ordered at the rate applicable to the car ordered. One of the bases of administrative regulation of tariffs is the prevention of discrimination. With deference, I think the opinion of the majority opens wide the door to potentially preferential practices.

The freight needs of the shipper are best known to the shipper, and it is his responsibility to order such car as will most economically serve his requirements. If the shipment exceeds the capacity of a 40-foot car, a larger car should be ordered in the first instance, in which event the minimum for the car ordered is charged. If a larger car is furnished and the shipper decides to ship therein freight in excess of the maximum capacity of the car ordered, he should pay rates calculated upon the same basis as if the car furnished had been originally ordered.

The Interstate Commerce Commission repeatedly has construed the rule to authorize rates based upon the 40-foot minimum only if the freight load does not exceed the capacity of a 40-foot car. This construction is not binding upon this court, but it is entitled to serious consideration. I think this construction is in harmony with the letter and the spirit of the rule, and should be applied here. I respectfully dissent.